NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-006-HRW

JAMIE ADAMS                                                                                      PLAINTIFF

VS:                             **MEMORANDUM OPINION AND ORDER**

MYRA RECON, M.D., et al.                                                                DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Response of the Plaintiff to the Court's recent Show Cause Order.

**BACKGROUND**

On January 9, 2008, Jamie Adams, an individual currently incarcerated in a state penal facility, the Little Sandy Correctional Complex, in Sandy Hook, Kentucky, filed a self-styled *pro se* complaint against a doctor named Myra Recon; the corporate medical care provider where she practiced, Pathways; and John Doe medical administrators of the corporation. Citing to 42 U.S.C. § 1983, he claimed that in providing medical care to him prior to his incarceration, the Defendants violated his Eighth Amendment rights and were negligent, for which Adams demanded damages.

With the complaint, the Plaintiff also submitted a Motion to Proceed *in forma pauperis*, with financial information attached. Although he signed an affidavit of assets claiming indigency, his accompanying certificate of inmate account from the prison showed that in the 6 months prior to the filing of his complaint he had $3,306.00 deposited to his inmate account. Therefore, on January 25, 2008, the Court denied Adams permission to proceed *in forma pauperis*, and on February 4, 2008,

he paid the $350.00 District Court filing fee. Afterwards, the Plaintiff took no further action to advance his case.

After 120 days had passed, on June 17, 2008, this Court issued a Show Cause Order, requiring Adams to show cause, in writing, as to why he failed to prosecute his case by serving the known Defendants and naming and serving the John Doe Defendants; and also why this cause of action is not barred by the applicable statute of limitations, as he complains of events occurring in 2001 and 2002, but did not file the instant action until 2008, almost 6 years later. Additionally, he was forewarned that failure to show cause as to these matters could result in dismissal of this action.

## PLAINTIFF'S RESPONSE AND MOTION

Plaintiff has responded with (a) a Response and Objections to the Show Cause Order; and (b) a Motion for Extension of Time.

With regard to the issue of service on the Defendants, Plaintiff admits that there has been no service to date. However, he asks the Court to excuse it, on the ground that at the time of filing the complaint, "In the Notice to the Clerk and within the Certificate of service whereby it was stated therein that all copies was being forwarded to the office of the clerk with the request of the clerk to have the U.S. Marshal's office to effect service on the parties." Plaintiff continues to request that the Marshals serve the Defendants, and he offers to pay whatever the service costs.

Adams also asks the Court to excuse the delay in service because he is a layman who did try to follow Rule 4, no discovery has yet taken place so as to identify the Doe Defendants, and he intends to seek permission to amend his complaint after discovery reveals who they are. For these reasons, Plaintiff also requests an extension of time for engaging in some discovery and serving the Defendants.

As to the statue of limitations issue, Adams contends that the injuries he suffered are internal and could not have been revealed without a medical examination; and he was unable to undergo such an examination because of his incarceration, "[t]hus being within The Tolling guidelines of any statute of limitation that may possibly appear."

## DISCUSSION

With regard to the service issue, the record herein shows that the Plaintiff's complaint arrived in the Office of the Clerk of the Court with two completed summons forms attached, one for Dr. Recon and one for "Jane/John Doe" medical administrators of Pathway. However, contrary to Plaintiff's current allegations, there was no cover letter; nor did the Plaintiff submit any certificate of service wherein he asked the Clerk "to have said Marshal Office to serve each party," as he now claims; nor was there any offer of payment for any service to be done by the Clerk or the U.S. Marshal or anyone else. It is not surprising that the presence of two summons attached to the back of a complaint without a cover letter or fee did not cause the Clerk's office to take any action.

Adams' failure to serve the Defendants within the 120-day window of Federal Rule of Civil Procedure 4(m) would not necessarily be fatal to this action, provided that the Plaintiff "shows good cause." Fed.R.Civ.P. 4(m). However, it is not necessary for this Court to decide if good cause is shown in Plaintiff's response. Even were the Court to accept as true that he asked the Clerk to take the service chore to the U.S. Marshal and/or that he was otherwise hampered by his lack of legal training or imprisonment, his response to the second issue, *i.e.*, whether this lawsuit was filed within the applicable statute of limitations, is fatal to his cause of action.

Despite the Court's warnings, Adams has failed to show that the filing of this action was timely. It was in his complaint that Plaintiff alleged that in October of 2001, he was diagnosed as

3

suffering "from Axis 1 diagnosis, [description of Bipolar and depression]," and went to see Dr. Recon, a psychiatrist with Pathway, described as a corporation providing medical care in Morehead, Kentucky. He recited a host of medications which Defendant Recon prescribed at that time and continued to prescribe during the first half of 2002. In June of 2002, however, she allegedly took him off of the medications "cold turkey," despite the purported protestations of Plaintiff and his girl friend.

It is the Defendant doctor's June of 2002 action of terminating all medications which Adams claimed caused him "to deal with his unbalanced mental condition on his own" and caused the following result:

> Plaintiff asserts that as a direct result of Dr. Recon's Medical Negligence; This Plaintiff suffered substantial and dangerous relapes due to his unbalanced mental capacity, which is the direct cause of Plaintiff to be unabled to control his physical actions, and/or his behavior, thus, resulting in the death of Plaintiff's girl-friend, Ms. Sarah Easton.

Complaint [Record No. 2] at 7 [sic]. Additionally, Plaintiff claimed that Recon's action of taking him off all medications in June of 2002 constitutes deliberate indifference in violation of the Eighth and Fourteenth Amendments.

In response to the Court's direct Order pointing out to the Plaintiff that he was complaining of "events occurring in 2001 and 2002, but did not file the instant action until 2008, almost 6 years later," Adams filed a formal response – but it contained no more recent dates or later purported actions by any named Defendant. Adams' only factual response was to say that he did not know at the time what the Defendants had done and that he discovered that he had been injured only upon a later medical examination. He does not, however, address when the medical examination took place or what he discovered. June of 2002 continues to be the latest date mentioned by Plaintiff in

4

an action filed in January of 2008. In short, Adams has failed to show cause why his complaint should not be dismissed for its untimely filing.

The law is well settled that the state statute of limitations for personal injuries governs claims under the federal constitution and 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986). Therefore, for the instant civil rights action, alleged to have arisen in Kentucky, the Court must apply Kentucky's statute of limitations.

Kentucky's statute of limitations for personal injury is one year. K.R.S. 413.140; *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)). In *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179 (6th Cir. 1990), it was held that "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183 (citation omitted).

Since the instant Plaintiff did not file the instant cause of action until January 9, 2008, he must have discovered, known, or had reason to know of his injury on January 9, 2007 or *later*. If his purported later discovery occurred prior to January 9, 2007, Adams' filing of this lawsuit on January 9, 2008, was after the one-year statute of limitations had run.

The Court takes judicial notice of the criminal proceedings against Jamie Adams for the murder and robbery of his girlfriend, Sarah Easton, who was stabbed in October of 2002, four months after Dr. Recon's alleged actions. On November 18, 2002, Plaintiff was charged in

Kentucky's Rowan Circuit Court, *Commonwealth v. Adams*, No. 02-CR-099, wherein a public advocate represented him. A notice of intent to seek the death penalty was lodged. The docket of the Kentucky court reveals that in March of 2004, Adams moved to change his plea from not guilty to guilty, and on May 7, 2004, he was sentenced to life imprisonment.

More than 5 years passed between the date Dr. Recon last treated the Plaintiff, in 2002, and the date upon which he filed the instant lawsuit, in 2008. Plaintiff knew that he had killed Ms. Easton and admitted same in a newspaper in October of 2002; acknowledged to the trial court that it was he who committed the crimes in March of 2004; and learned that he would spend the rest of his life in prison in May of 2004. Nonetheless, he waited until January of 2008 to file suit. In addition to finding that Adams has failed to show cause as ordered, the Court finds that his filing herein was outside the statute of limitation and therefore, barred.

Finally, the Court addresses the tolling issue. Kentucky used to have a tolling statute for prisoners. *See* Ky. Rev. Stat. Ann. § 413.310. However, KRS. 413.310, providing tolling for the period of the litigant's incarceration, was repealed effective July 13, 1990, and any plaintiff in Kentucky had only one year from the July 13, 1990 effective date of the tolling statute's repeal in which to rely on the repealed Kentucky tolling provision. *See Brown v. Wigginton*, 981 F.2d 913 (6th Cir. 1992). Although federal courts do have the power to toll statutes of limitation borrowed from state law, they may do so only where application of the statute of limitations would frustrate the policy underlying the federal cause of action. *See Board of Regents, University of New York v. Tomanio*, 446 U.S. 478 (1980); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465 (1975)).

The instant action, however, does not contain the policy considerations requiring this Court to fashion an equitable solution so as not to undermine the purpose of the federal civil rights statute. *See e.g., Hardin v. Straub*, 490 U.S. 536, 544 (1989); *see also Bryan v. Northrock*, 878 F.2d 381; 1989 WL 68026 (6th Cir. 1989) (unpublished).

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff's Motion for Extension of Time [Record No. 9] is **DENIED**; and

(2) this matter is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This July 14, 2008.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge